UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PPP ELIGIBILITY EXPERTS LLC,<br><br>    Plaintiff-Relator,<br><br>v.<br><br>NAPLETON'S ARLINGTON HEIGHTS MOTORS, INC., *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-09837<br><br>Hon. Jeffrey I. Cummings |

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS**

    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all Defendants move this Court to dismiss Relator's Amended Complaint with prejudice.[1] In support of this Motion, Defendants submit a Memorandum in Support of their Motion to Dismiss and the Declaration of Neil G. Nandi with supporting exhibits, and state as follows:

    1.    Relator brings this False Claims Act ("FCA") suit against ninety-two defendants: sixty entities that received First Draw PPP loans (the "Borrower Defendants"), including fifty-seven car dealerships across Illinois, Indiana, Wisconsin, Minnesota, Missouri, Pennsylvania,

---

[1] On September 12, 2025, the Court entered the Parties' agreed briefing schedule: Relator's opposition is due on October 31, 2025, and Defendants' reply is due on November 21, 2025. Dkt. No. 88.

Georgia, and Florida (the "Dealership Defendants"),[2] Am. Compl. ¶¶ 2, 9–68; nine individuals[3] who allegedly were officers, directors, members, and/or owners of the Borrower Defendants ("Individual Defendants"), *id.* ¶¶ 93–101; and twenty-three real estate holding companies[4] ("Real Estate Defendants") in which entities allegedly affiliated with the Borrower Defendants have a purported interest, *id.* ¶¶ 69–92. But Relator's claims fail under the FCA's procedural bars, as well as under the Fed. R. Civ. P. 9(b) pleading standard that governs FCA claims.

---

[2] The sixty Borrower Defendants are Napleton's Arlington Heights Motors, Inc.; Ed Napleton Elmhurst Imports, Inc.; Ed Napleton Westmont Imports, Inc.; Napleton's Autowerks, Inc.; Napleton's River Oaks Motors, Inc.; Ed Napleton Calumet City Imports, Inc.; Napleton Automotive of Urbana, LLC; Napleton's Schaumburg Pontiac-GMC Inc.; Napleton Motor Corp.; Napleton Urbana Imports LLC; Napleton's Park Ridge Lincoln Inc.; Napleton's River Oaks Cadillac, Inc.; Napleton's Schaumburg Subaru, Inc.; Napleton's Countryside Motors, Inc.; Napleton Schaumburg Motors, Inc.; Napleton Libertyville, Inc.; Napleton's Autowerks of Bourbonnais, Inc.; Napleton's Palatine Motors-Holding, Inc.; Fran Napleton Lincoln, Inc.; Ed Napleton Oak Lawn Imports, Inc.; Napleton Aurora Imports, Inc.; Napleton's Goldcoast Imports, Inc.; Steve Foley Cadillac, Inc.; Napleton 1050, Inc.; Napleton 6677, Inc.; Napleton Fleet, Inc.; North American Automotive Services, Inc.; Oak Hill Marketing; Sessler Ford, Inc.; Napleton Carmel Motors, LLC; Napleton's Autowerks of Indiana, Inc.; Napleton Fishers Imports, LLC; Napleton Carmel Imports, LLC; Napleton 1301, Inc.; Napleton Italian Imports, LLC; Napleton Twin Cities Imports, LLC; Napleton Wayzata Motors, LLC; Napleton Rochester Imports, LLC; Ed Napleton St. Louis Imports, Inc.; Napleton's Mid Rivers Motors, Inc.; Napleton Hazelwood Imports, LLC; Napleton Mid Rivers Imports, Inc.; Napleton St. Louis Imports, LLC; Napleton Autowerks Missouri, Inc.; Napleton Wyoming Valley Imports, Inc.; Napleton's Ellwood Motors, Inc.; Napleton Brookfield Imports, LLC; Napleton Bluemound Imports, LLC; Napleton Autowerks Wisconsin, Inc.; Napleton's North Palm Auto Park, Inc.; Napleton Enterprises, LLC; Napleton's Palm Beach Imports, LLC; EFN West Palm Motor Sales, LLC; Napleton Orlando Imports, LLC; Napleton Sanford Imports, LLC; North Palm Motors, LLC; North Palm Hyundai, LLC; Clermont Motors, LLC; Augusta Imports, LLC; and Macon Imports, LLC. The fifty-seven Dealership Defendants are the Borrower Defendants, minus Napleton Fleet, Inc. (Am. Compl. ¶ 34), North American Automotive Services, Inc. (*id.* ¶ 35), and Oak Hill Marketing (*id.* ¶ 36). Those three entities are Borrower Defendants but not automotive dealerships.

[3] The nine Individual Defendants are Edward F. Napleton; Maureen Napleton; Stephen R. Napleton; William F. Napleton; Christopher Napleton; Paul Napleton; Brian Napleton; Katherine Napleton; and Ken Stevens.

[4] The twenty-three real estate holding companies are: EFN Westmont Real Estate Holdings LLC; EFN Lansing Property LLC; EFN Urbana Properties LLC; Napleton's Rockford Properties LLC; Sedley Partners LLC; EFN Carmel Properties LLC; EFN Fishers Properties LLC; EFN Import Properties LLC; EFN Wayzata Properties LLC; EFN St Peters Property II LLC; EFN 4951 Executive Centre Property LLC; EFN St. Louis Property LLC; Napleton Equities LLC; EFN Brookfield Property LLC; EFN Bluemound Property LLC; 100 West Golf LLC; EFN Hazelwood Properties LLC; Napleton Investment Partnership LP; EFN Rochester Properties LLC; EFN Wyoming Valley Properties LLC; EFN Ellwood Property LLC; EFN Downers Grove Property LLC; and EFN Aurora Property LLC.

2. The FCA's first-to-file bar, 31 U.S.C. § 3730(b)(5), requires dismissal of three theories of liability in Relator's Amended Complaint as to all Defendants: violation of the Paycheck Protection Program ("PPP") size eligibility standard, violation of the corporate cap, and false certification of economic uncertainty. When Relator initiated this action, FCA claims relating to the same theories were already pending in *United States ex rel. Akeel & Valentine PLC v. Napleton Auto Group, Inc.*, No. 1:24-cv-00047 (N.D. Ill.).

3. Independent of the first-to-file bar, the FCA's public disclosure bar, 31 U.S.C. § 3730(e)(4), requires dismissal of Relator's Amended Complaint in full. Here, Relator's allegations are available through news media, press releases, and public databases. Those sources disclose all of the critical elements of the alleged fraud. And Relator has no plausible claim to being an original source. Therefore, the public disclosure bar applies, and this Court should dismiss, just as many courts have dismissed other cases brought by outsiders alleging fraud relating to the PPP. *See, e.g.*, *United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118, 2025 WL 897439, at *3, *5 (S.D. Cal. Mar. 24, 2025); *United States ex rel. Relator LLC v. Erskine*, No. 22-cv-1158, 2025 WL 796621, at *5 (S.D. Cal. Feb. 25, 2025), *appeal filed*, No. 25-2073 (9th Cir.); *Seikel v. Alvarez*, No. 23-CV-01, 2024 WL 1315869, at *4 (N.D.W. Va. Mar. 27, 2024).

4. Independent of the first-to-file and public disclosure bars, most of Relator's Amended Complaint should be dismissed because Relator fails to properly plead its theories of liability under Rule 9(b)'s heightened fraud pleading standard. First, Relator's size eligibility and reduction of gross receipts theories rely on a demonstrably false interpretation of governing law. Second, Relator's corporate cap theory of liability is admittedly speculative. Third, Relator does not plead any facts supporting the economic uncertainty theory. Fourth, Relator has not pled a

3

reverse false claim. Fifth, and finally, Relator's conspiracy claims fail for lack of an alleged agreement and due to the intracorporate conspiracy doctrine.

WHEREFORE, Defendants respectfully request that this Court:

a. hold that Relator has failed to state a claim;

b. enter an order and judgment dismissing the Amended Complaint; and

c. grant such further relief as the Court deems just and proper.

Dated: September 24, 2025

/s/ Neil G. Nandi
Jason M. Crawford*
Olivia Lynch*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500
jcrawford@crowell.com
olynch@crowell.com

Neil G. Nandi
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago, IL 60611
Tel: (312) 840-3108
nnandi@crowell.com

*Admitted *pro hac vice* as to some Defendants, *pro hac vice* application pending as to the remainder of Defendants

*Attorneys for Defendants*